**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARCUS WILLIAMS, ) | CASE NO. 1:18-cv-1290 |
| ) | |
| Petitioner, ) | JUDGE PAMELA A. BARKER |
| ) | |
| v. ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| ) | |
| NEIL TURNER, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

Petitioner, Marcus Williams (Petitioner or Williams), challenges the constitutionality of his convictions in the cases of *State v. Williams*, Crawford County Court of Common Pleas Case Nos. 2015-CR-0275 and 2015-CR-0343. Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Warden Neil Turner (Respondent) has filed an Answer/Return of Writ. (R. 7). Petitioner has filed a Traverse (R. 8), to which Respondent did not file a reply. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that the habeas petition be DENIED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court

factual findings are presumed correct unless rebutted by clear and convincing evidence."). The Third District Court of Appeals (state appellate court), on an appeal from a collateral post-conviction filing, summarized the facts underlying Petitioner's conviction as follows:

> On October 27, 2015, Williams was indicted on 24 counts of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(5), all felonies of the fourth degree. On that same date another indictment was filed against Williams alleging 56 counts of Illegal Use of a Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(3), all felonies of the fifth degree. The record indicates that there was a third, separate indictment pending against Williams involving charges of Importuning, Disseminating Matter Harmful to Juveniles and Possessing Criminal Tools.
>
> On April 14, 2016, Williams filed a motion to suppress and/or in limine, seeking to suppress evidence obtained from the warrantless search and seizure of his alleged property. On June 2, 2016, Williams filed a second motion to suppress seeking to suppress statements he made during police interviews.
>
> On June 29, 2016, Williams entered into a written negotiated guilty plea wherein he agreed to plead guilty to 24 counts of Pandering Sexually Oriented Material Involving a Minor in violation of R.C. 2907.322(A)(5), all felonies of the fourth degree. In exchange, the State agreed to dismiss all the remaining counts against Williams in all cases. In addition, the parties also jointly recommended that Williams "will be sentenced on Counts I-X to 1 year on each count to be served consecutive to each other for a total of TEN (10) years prison and on Counts XI-XXIV ONE (1) year on each count to be concurrent (with each other and with) * * * Counts I-X. Defendant shall receive jail time credit."
>
> After conducting a Crim.R. 11 colloquy with Williams, the trial court accepted Williams's guilty pleas, found Williams guilty and sentenced him to the jointly recommended sentence. **Williams did not file a direct appeal to this Court.**

*State v. Williams*, 2017-Ohio-8022, ¶¶ 2-5, 2017 Ohio App. LEXIS 4374 (Ohio Ct. App. Oct. 2, 2017) (emphasis added).

## II. Procedural History

### A. Conviction

On October 27, 2015, in case number 2015-CR-0343, a Crawford County Grand Jury charged Petitioner with twenty-four (24) counts of pandering sexually oriented matter involving

2

a minor in violation of Ohio Revised Code (O.R.C.) § 2907.322(A)(5), and fifty-six (56) counts of illegal use of a minor in nudity oriented material or performance in violation of O.R.C. § 2907.323(A)(3). (R. 7-1. Exhs. 1 & 2).

Initially, on November 18, 2015, Petitioner plead not guilty. (R. 7-1, PageID# 95, Exh. 3). On April 1, 2016, the State filed a motion to consolidate the eighty (80) charges in case number 2015-CR-0343 with a three-count indictment filed on September 21, 2015.[1] (R. 7-1, PageID# 96, Exh. 4). On April 14, 2016, Petitioner opposed the motion to consolidate and moved for separate trials. (R. 7-1, PageID# 110, Exh. 6). On May 2, 2016, the State's motion to consolidate was granted. (R. 7-1, PageID# 95, Exh. 5).

Also on April 14, 2016, Petitioner, through counsel, filed a motion to suppress evidence obtained from an allegedly warrantless search and seizure, "including but not limited to the CCU Analysis Report of the Ohio Bureau of Investigations, dated October 8, 2015 and any and all evidence obtained therefrom." (R. 7-1, PageID# 99, Exh. 6).

On June 2, 2016, Petitioner filed a motion to suppress statements he made to law enforcement. (R. 7-1, PageID# 113, Exh. 7).

On June 29, 2016, petitioner, through counsel, withdrew his guilty plea, and entered a plea of guilty to all 24 counts of pandering sexually oriented material involving a minor. (R. 7-1, PageID# 116-119, Exh. 8). The Written Plea states as follows:

> Pursuant to Ohio Revised Code Section 2953.08 (D), the parties agree to all of the following:
>
> • The Defendant will be entering a plea of guilty to Counts I -XXIV, Pandering Sexually Oriented Matter Involving a Juvenile, Felonies of the 4th degree.

---

[1] The Answer/Return of Writ does not identify the charges contained in the earlier indictment against Petitioner.

> • Defendant will be sentenced on Counts I-X to 1 year on each count to be served consecutive to each other for a total of TEN (10) years prison and on Counts XI-XXIV ONE (1) year on each count to be concurrent with each other and with Counts I-X. Defendant shall receive jail time credit.
>
> • Pay a fine of $1,000.00 dollars and will pay costs of this action.
>
> • The Defendant understands that upon completion of his/her prison term, he/she shall be subject to a MANDATORY period of post-release control of Five years as determined by the Parole Board pursuant to O.R.C. 2967.28.
>
> • Defendant is designated a Tier II Sexual Offender with 25 year Mandatory reporting.

(R. 7-1, PageID# 117, Exh. 8).

On the same date, June 29, 2016, the trial court accepted the guilty plea and sentenced Petitioner according to the terms of the above plea agreement. (R. 7-1, PageID# 122-123, Exh. 10).

**B. Direct Appeal**

The online docket reflects that Petitioner never filed a direct appeal from his convictions.[2] In his traverse, Petitioner acknowledges that "indeed [he] did not file a direct appeal." (R. 8, PageID# 312).

**C. Post-Conviction Relief**

On December 2, 2016, Petitioner, *pro se*, filed a petition for post-conviction relief[3] and an amended petition on December 8, 2016, raising the following grounds for relief:

1.  Defendant seeks relief on the basis that the electronic surveillance carried out by SA Miller constituted a warrantless search, and therefore evidence obtained by this search and through search warrants subsequently based on

---

[2] http://clerk.crawford-co.org/cgi-bin/db2www.pgm/cpq.mbr/main?nuser=14:03:39 (Last Visited October 6, 2020).

[3] It bears noting that in this post-conviction petition, Williams concedes that he withdrew his motion to suppress on June 29, 2016, when he entered his guilty plea. (R. 7-1, PageID# 125, Exh. 11).

4

> said evidence should be declared inadmissible and suppressed. Such suppression is statutorily provided for in Ohio R.C. §2933.63(A).
>
> 2. Defendant seeks relief on the grounds that the investigation by SA Miller was improperly carried out; specifically, that the investigation began and was continued for several days without the request or likely even the notification of the GPD (see Exhibit 1), and therefore by statute SA Miller was not empowered to conduct an investigation, particularly not one without a warrant.
>
> 3. Defendant again seeks relief on the grounds that the investigation via warrantless electronic surveillance by the Ohio BCI violated United States and Ohio Constitutional rights as well as Title III, but in this situation the issue is statutory… Here, defendant asserts that §2933.52(B)(3) and §2933.53 (F)(2) are in and of themselves in direct contradiction with the Ohio Constitution and the Fourth Amendment of the United States Constitution.
>
> 4. Defendant hereby states that the investigation by Agent Tessa Miller (SA Miller) of the Ohio Bureau of Identification and Investigation (BCI) violated his Fifth Amendment right to avoid self-incrimination. With there being no warrant issued and no *Miranda* warning, the defendant asserts that it would violate both United States and Ohio Constitutional provisions to allow the defendant's words to be used against him, such words having been transmitted via computer and the Internet.

(R. 7-1, PageID# 126-129, Exhs. 11 & 12).

In response, on February 24, 2017, the State filed a motion for summary judgment arguing that Williams never pursued a hearing on the issues raised at the trial level but instead opted to plead guilty, and Petitioner did not file a direct appeal from his conviction. (R. 7-1, PageID# 140, Exh. 13). Petitioner, thereafter, also filed a motion for summary judgment in his favor. (R. 7-1, PageID# 144, Exh. 14). In addition, Petitioner filed a reply on March 6, 2017. (R. 7-1, PageID# 165, Exh. 15). On April 5, 2017, the trial court denied the petition for post-conviction relief because "all of the issues raised in the petition could have been raised either prior to the plea or on a direct appeal." (R. 7-1, PageID# 173, Exh. 16).

On May 5, 2017, Petitioner, *pro se*, appealed the denial of his post-conviction petition. (R.

5

7-1, PageID# 174, Exh. 17). Petitioner raised the following assignments of error:

> FIRST ASSIGNMENT OF ERROR: The trial court erred in denying petition to exclude evidence obtained through unconstitutional warrantless electronic surveillance. (Judgment Entry; April 5, 2017; pp. 2-3)
>
> SECOND ASSIGNMENT OF ERROR: The trial court erred in denying appellant's petition contending that an agent of the Ohio Bureau of Criminal Identification and Investigation (ECI) was not empowered by statute to investigate in the circumstances present at the beginning of the investigation.
>
> THIRD ASSIGNMENT OF ERROR: The trial court erred in denying appellant's petition asserting that the investigation was carried out under Ohio statutes, or interpretations of such statutes, that violate the Constitutions of the United States and the State of Ohio as well as Federal law.
>
> FOURTH ASSIGNMENT OF ERROR: The trial court erred in denying appellant's petition that included an assertion stating evidence of offenses was obtained through electronic surveillance when Ohio statutes do not include as "designated offenses" the offenses that were being investigated.
>
> FIFTH ASSIGNMENT OF ERROR: The trial court erred in denying appellant's petition seeking suppression of evidence obtained by coercing him into unknowingly surrendering his constitutional rights. (J. Entry, Apr. 5, p.3)

(R. 7-1, PageID# 183, Exh. 18).

On October 2, 2017, the state appellate court overruled the assignments of error and affirmed the judgment of the trial court. (R. 7-1, PageID# 275-280, Exh. 21).

Respondent represents that "[t]he online docket of the Ohio Supreme Court does not indicate any appeals filed by Marcus Williams," and that the time to appeal has expired pursuant to Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i). (R. 7, PageID# 55). In his traverse, Petitioner concedes that "[t]he respondent correctly points out that the petitioner did not complete an appeal to the Ohio Supreme Court." (R. 8, PageID# 311). Nevertheless, Petitioner claims, without any corroborating documentation, that "the appeals court did not mail the decision to me until approximately two weeks after the decision was made;" that he attempted to file a notice of

appeal but "arriving late[,] [t]he notice was rejected;" and "an attempt to apply for permission to file late was also rejected[.]" (R. 8, PageID# 311-312).

### D. Federal Habeas Petition

Williams, *pro se*, filed a Petition for Writ of Habeas Corpus. Petitioner raises the following grounds for relief:

> **GROUND ONE**: Warrantless undercover electronic surveillance is a violation of the Fourth Amendment and 18 USC §2510-2518 and ORC §2933.50-2933.66.
>
> *Supporting Facts*: 1) A BCI agent conducted investigation via computer and undercover surveillance in the form of online communications; 2) No interception warrant was obtained for this surveillance which continued over several days; 3) This investigation resulted in the issuance of a physical search warrant for the petitioner's property, where the photographs that led to conviction were discovered.
>
> **GROUND TWO**: The circumstances of the investigation countered any exception that would have obviated the need for a warrant.
>
> *Supporting Facts*: 1) "Imminent danger" does not apply as the investigation began on March 2, 2015 but the petitioner was not arrested until six months later; 2) Private message conversations are not intended to be public like Facebook or other posts or files shared through file-sharing services; 3) No law can be made or interpreted to allow blanket denial of constitutional rights to citizens in certain types of investigations or for certain crimes.
>
> **GROUND THREE**: Warrantless electronic surveillance readily leads to the surrendering of Fifth Amendment protection against self-incrimination.
>
> *Supporting Facts*: 1) Agents and investigators performing this surveillance are trained to obtain information and confessions from witnesses and suspects; 2) The factors involved in an in-person interrogation (one-on-one nature, place and time of investigator's choosing, recording, investigator's training and "personality") are all present in typical undercover chat; 3) The participation of law enforcement in conversations with a suspect can encourage or coerce the suspect into actions or statements that are incriminatory.
>
> **GROUND FOUR**: Denying a petition on the basis of res judicata or a guilty plea denies due process when law explicitly permits a postconviction motion.
>
> *Supporting Facts*: 1) ORC §2933.63 (B) and 18 USC §2518 contain wording

7

>allowing for a motion after conviction where electronic surveillance was used when "there was no opportunity to make the motion or the aggrieved person was not aware of the grounds of the motion"; 2) Denial at trial court level (on res judicata) and at appeals court level (on both res judicata and the guilty plea) do not address this seemingly relevant statute concerning electronic surveillance.

(R. 1).

### III. Exhaustion and Procedural Default

**A. Exhaustion Standard**

State prisoners must exhaust their state remedies before raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001) ("a petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.") (citations omitted).

**B. Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id.*

First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.4 *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *See, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 125-130 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct

---

4 In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *accord Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

9

appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief that are significant to determining whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in English v. Berghuis*, 529 Fed. App'x 734, 744-45 (6th Cir. Jul. 10, 2013).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See, e.g., United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v.*

*Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell*, 320 F.3d 604, 617 (6th Cir. 2003).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent, in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749-50. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *accord Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007) (Katz, J.).

**C. Analysis**

Respondent argues that Petitioner's guilty plea, coupled with the fact that he never filed a direct appeal, bars his ability to bring his challenges on habeas review. (R. 7, PageID# 58-60). In a related argument, Respondent further asserts that Petitioner's failure to file a direct appeal and the state appellate court's subsequent finding on collateral review that *res judicata* bars Petitioner's claims renders the current habeas petition procedurally defaulted. (R. 7, PageID# 60-64). As explained below, Respondent is correct on both counts. Though the two issues are inexorably intertwined, the court addresses them separately.

**1. Guilty Plea Waived All Collateral Challenges**

In the case at bar, it is an indisputable fact that Petitioner plead guilty. All of his grounds for relief revolve around his belief that he was subject to illegal, warrantless searches. Regardless of whether his position has any legal merit, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly

11

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (finding that after a guilty plea, a defendant "may only attack the voluntary and intelligent character of the guilty plea"); *see also Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.")

The Sixth Circuit somewhat recently decided a similar case where "[i]n his fifth ground for relief, [a petitioner] argue[d] that, by using GPS technology in the victim's car in order to track his movements prior to his arrest, the police conducted a warrantless search in violation of his Fourth Amendment rights. With respect to [the petitioner's] Fourth Amendment claim, it is well-settled that an alleged violation of a defendant's Fourth Amendment rights is not cognizable on habeas review when the defendant had a full and fair opportunity to litigate the claim in state court." *Kennedy v. Nagy*, No. 18-1463, 2018 WL 3583212, 2018 U.S. App. LEXIS 36308, at *5-6 (6th Cir. July 12, 2018) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)). In *Kennedy*, the petitioner did not allege that the Michigan courts did not afford him a procedure for resolving a Fourth Amendment claim. *Id.* Here too, Petitioner has not argued that Ohio courts do not provide an adequate procedure for addressing Fourth Amendment claims. Nor could Petitioner credibly do so as he filed two motions to suppress (R. 7-1, Exhs. 6 & 7) but withdrew them when he entered his guilty plea. The transcript of the plea hearing states as follows:

> THE COURT: Now obviously we had some pending motions to suppress, also there was a motion to ask me to recuse myself, I have denied that motion, and counsel, it's my understanding that all basically pending motions are gonna be withdrawn as part of this plea agreement?

12

[Defense Counsel]: They are, Your Honor.

(R. 7-2, PageID# 288-289, Tr. 6-7).

The Sixth Circuit's *Kennedy* decision relied upon *Tollett,* 411 U.S. at 267, when concluding that the petitioner, who entered into an unconditional plea, could not raise independent claims relating to alleged deprivations of constitutional rights occurring *prior* to the entry of the plea. 2018 U.S. App. LEXIS 36308, at *5-6. Furthermore, the Sixth Circuit concluded that because the petitioner did "not allege that he entered an unknowing, unintelligent, or involuntary plea[,] [r]easonable jurists therefore could not debate the district court's denial of" the petitioner's Fourth Amendment claims. *Id*.

In addition, the United States Supreme Court has explained that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Here, it is undisputed that Williams did not challenge his guilty plea in state courts as not knowingly, intelligently and voluntarily entered. Petitioner's failure to raise such a challenge on direct review precludes a habeas court from addressing such a challenge—an argument not actually raised in the petition. Consistent with *Bousle*y, the Sixth Circuit has held that where a defendant did not raise the issue on direct review, a claim challenging the guilty plea is procedurally defaulted. *See Swain v. United States*, 155 Fed. App'x 827, 830 (6th Cir. 2005).

The state appellate court, on collateral review, held that Williams "affirmatively waived any non-jurisdictional defects, particularly the many suppression and investigation-related issues that he now argues." 2017-Ohio-8022, at ¶15. The state appellate court's holding is a correct

13

application of clearly established federal law. Simply stated, the habeas petition consists entirely of alleged deprivations of constitutional rights occurring prior to the entry of his guilty plea, which the court cannot consider on habeas review. Even if Petitioner had expressly challenged the knowing, intelligent, and voluntary nature of his plea in his habeas petition, such an argument would not be reviewable as it was not raised on direct appeal.

Therefore, the court recommends the grounds for relief be DENIED as barred by Petitioner's unchallenged guilty plea.

### 2. Procedural Default Due To Failure To File Direct Appeal

Respondent asserts the entirety of the petition is defaulted because Petitioner never filed a direct appeal from his guilty plea—a fact that is uncontested. (R. 7, PageID# 63).

Recently, the Sixth Circuit has reiterated that "[f]or a federal court to reach the merits of a habeas petitioner's claim, he must first present the claim to each level of the state courts, including the highest court to which he is entitled to appeal." *Rasul v. Gray*, No. 19-4073, 2020 U.S. App. LEXIS 5888, at *5-6 (6th Cir. Feb. 26, 2020) (citing *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012)). A petitioner, such as Williams, procedurally defaults a claim if he fails to obtain consideration of a claim by a state court while such remedies remain available. *See Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013); *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000). "In Ohio, a prisoner must bring claims that are based on the original trial record in his direct appeal; if he fails to do so, such claims will be barred by *res judicat*a in post-conviction proceedings." *Rasul*, 2020 U.S. App. LEXIS 5888, at *5-6 (citing *State v. Spaulding*, 2018-Ohio-3663, 119 N.E.3d 859, 868 (Ohio Ct. App. 2018), *appeal not accepted for review*, 2019-Ohio-1759, 122 N.E.3d 216 (Ohio 2019), *cert. denied*, 140 S. Ct. 428, 205 L. Ed. 2d 256 (2019)).

Specifically, Ohio Appellate Rule 4(A)(1) states that: "a party who wishes to appeal from

14

an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Here, it is undisputed Petitioner failed to comply with the time requirement of Ohio Appellate Rule 4(A). "Ohio enforces this time requirement through the doctrine of *res judicata*." *Christie v. Milligan*, No. 3:11CV02049, 2014 U.S. Dist. LEXIS 38474, at *20 (N.D. Ohio Mar. 24, 2014) (Pearson, J.); *accord Boyd v. Miller*, No. 1:15 CV 337, 2015 U.S. Dist. LEXIS 150387, at *10 (N.D. Ohio Oct. 19, 2015) (Baughman, M.J.).[5]

Petitioner, notably, has not offered any meaningful "cause" to excuse his default. Petitioner's subjective belief, expressed in his traverse, that a direct appeal would likely have been fruitless as "there was no issue preserved in the record to appeal, likely precluding any direct appeal" does not excuse his failure to file a direct appeal. (R. 8, PageID# 312). Moreover, assuming for the sake of argument only that undercover surveillance and/or subsequent search of his home violated the Fourth Amendment of the United States Constitution, defense "[c]ounsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet th[e] standard of proof" for showing that counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases" thereby

---

[5] Courts have noted that Ohio App. Rule 5(A) theoretically always allows for the possibility of a delayed appeal. *See Creagh v. Wainwright*, No. 3:18 CV 2227, 2020 U.S. Dist. LEXIS 25177, at *10-11 (N.D. Ohio Jan. 10, 2020) ("Petitioner's grounds for habeas relief are all directed at the trial court's failure to notify him of his right to appeal. These claims are unexhausted because Petitioner never raised them on direct appeal, and an avenue to raise them — a motion for leave to file a delayed appeal — is available under Ohio law. *See Mackey*, 413 F.2d at 1021, *Haynie*, 2019 U.S. Dist. LEXIS 10482, 2019 WL 295503, at *5; *Summers*, 2017 U.S. Dist. LEXIS 13215, 2017 WL 412875, at *5; *Dunford*, 2013 U.S. Dist. LEXIS 151545, 2013 WL 5726083, at *11.")

potentially negating the voluntary and intelligent character of a guilty plea. *Tollett*, 411 U.S. at 266-267. Thus, direct appeal would have been as the proper avenue for Petitioner to raise his arguments in the form of a challenge to his guilty plea.

Petitioner's statement that he was unaware of the bases of his claims until arriving at prison and researching in the law library (R. 1-1, PageID# 25) is also unavailing. Williams cannot rely on his *pro se* status and ignorance of the law to provide cause for his claims' procedural default. It is well-established that "[c]ause for procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266 (2012) (emphasis original) (citations and internal quotations omitted). The Sixth Circuit repeatedly has rejected petitioners' attempts to blame their failure to comply with procedural requirements on their ignorance of the law or on their limited prison resources. *See, e.g., Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding a petitioner's *pro se* status, ignorance of the law and court procedural requirements, and limited time in a prison law library insufficient to excuse a procedural default); *accord Sabo v. Warden*, No. 2:16-cv-536, 2017 WL 56035 at *2 (S.D. Ohio Jan. 5, 2017); *Buchanan v. Bunting*, No. 5:14-cv-01656, 2015 WL 12803743 at *10 (N.D. Ohio Sept. 8, 2015) (White, M.J.), *report and recommendation adopted*, 2016 WL 6995343 (N.D. Ohio Nov. 30, 2016) (Lioi, J.); *Arnold v. Warden, Lebanon Correctional Inst.*, 832 F. Supp. 2d 853, 859 (S.D. Ohio 2011); *Tolliver v. Sheets*, 530 F. Supp. 2d 957, 981 (S.D. Ohio 2009).

Therefore, Petitioner's *pro se* status and ignorance of any filing requirements or procedural rules cannot serve as cause to excuse the procedural default of his habeas claims. Because Williams has failed to demonstrate cause, the issue of prejudice is moot.

Therefore, the court also recommends finding that the petition is procedurally defaulted as the ground raised in the petition were not raised on direct appeal.

## IV. Conclusion

For the foregoing reasons, it is recommended that Williams's Petition be DENIED.

/s/ David A. Ruiz
U.S. MAGISTRATE JUDGE

Date: October 16, 2020

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**